## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| Steven Fowler,<br><br>    Plaintiff,<br>v.<br><br>Nationwide Recovery Systems,<br><br>    Defendant. | Civil Action No.: 1:18-cv-782<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Steven Fowler, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Steven Fowler ("Plaintiff"), is an adult individual residing in Marble Falls, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Nationwide Recovery Systems ("Nationwide"), is a Texas business entity with an address of 2304 Tarpley Road, Suite 134, Carrollton, Texas 75006, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

5.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to Nationwide for collection, or Nationwide was employed by the Creditor to collect the Debt.

8.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Nationwide Engages in Harassment and Abusive Tactics**

9.     On or about May 17, 2018, Nationwide contacted Plaintiff in an attempt to collect the Debt.

10.    During this initial conversation, Nationwide threatened to report the Debt to the credit reporting agencies if it was not paid immediately.

11.    Nationwide also threatened to file a lawsuit against Plaintiff if the full amount of the Debt was not paid immediately.

12.    These threats overshadowed Plaintiff's right to dispute the Debt within thirty (30) days of the initial communication.

13.    Out of fear, Plaintiff paid $105.00 because that was the amount demanded by Nationwide during the call.

14.    Shortly thereafter, Plaintiff received a letter dated May 15, 2018 from Nationwide.

15. The letter offered to settle the Debt for $85.00.

**C.     Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

17. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

21. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action against Plaintiff, without actually intending to do so.

22. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

23. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

24. Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant overshadowed Plaintiff's right to dispute the Debt.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 13, 2018

Respectfully submitted,

By: __/s/ Sergei Lemberg_____

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff